**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| MASIEO L. RICHMOND, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 05-421-GPM ) |
| ROGER E. WALKER, JR., et al., | ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Big Muddy River Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

Since filing this action, Plaintiff has filed several motions seeking to amend or supplement his complaint. His motion to amend (Doc. 7) seeks to amend page 4 of the complaint by referencing additional exhibits; his second motion to amend (Doc. 9) appears to be a duplicate of the first such motion. His motions to supplement (Docs. 8, 10) seek to include additional exhibits to support his complaint. His entry motion (Doc. 11) wishes to make certain corrections to page 5 of the complaint, while his third motion to amend (Doc. 12) makes just one more correction to page 4 of the complaint. For purposes of this Order, each of these motions is **GRANTED**; the Court will consider all exhibits and corrections when reviewing the complaint.

This case now is before the Court for a preliminary review of the complaint pursuant to

28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

On June 11, 2003, Plaintiff was handcuffed and escorted to segregation while his cell was searched; apparently another inmate had reported the presence of a weapon in Plaintiff's cell. No such weapon was found, so Plaintiff was released from segregation the next day, and no disciplinary action was taken. Upon returning to his cell, he discovered that some of his personal property had been confiscated. The primary basis for this lawsuit, as best the Court can determine from a review of all pleadings and exhibits, is Plaintiff's displeasure with the confiscation of this property. It seems that he is also upset, however, because he was moved to segregation for one day while his cell was searched.

The only constitutional right that might be implicated by the confiscation of his property is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due*

*process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, Plaintiff has no claim under Section 1983, and this claim is dismissed with prejudice.

As for his short time in segregation, Plaintiff refers to this confinement as punitive segregation. It is clear from the allegations in the complaint, however, that his temporary move to segregation is best described as administrative segregation pending investigation of charges made by another inmate. Illinois statutes and correctional regulations do not place limitations on the discretion of prison officials to place inmates in administrative segregation, including investigative or temporary lockdown or confinement and involuntary protective custody; accordingly, there is no liberty interest implicated by an inmate's placement in these forms of segregation. *Williams v. Ramos*, 71 F.3d 1246, 1248 (7th Cir. 1995); *Pardo v. Hosier*, 946 F.2d 1278, 1281-1284 (7th Cir. 1991); *Kellas v. Lane*, 923 F.2d 492, 494-95 (7th Cir. 1991); *see generally Sandin v. Conner*, 515 U.S. 472, 483 (1995); *Hewitt v. Helms*, 459 U.S. 460 (1983). Further, even if his confinement could be described as punitive, he has no protected liberty interest in remaining in general population, particularly when his removal to segregation was for such a short period of time. *See, e.g., Thomas v. Ramos*, 130 F.3d 754, 760-62 (7th Cir. 1997) (70 days in segregation not atypical and significant hardship); *Wagner v. Hanks*, 128 F.3d 1173, 1175-76 (7th Cir. 1997) (rejecting claim that prisoner was improperly held one year in disciplinary confinement); *Whitford v. Boglino*, 63 F.3d

527, 533 (7th Cir. 1995) (six months in segregation not atypical and significant hardship). Therefore, no constitutional violation occurred by his transfer to administrative segregation for a period of one day, and this claim is also dismissed with prejudice.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED with prejudice**, and all remaining motions are **MOOT**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 03/08/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge