**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**


| | | |
|---|---|---|
| **MASIEO L. RICHMOND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 05-421-GPM** |
| | ) | |
| **ROGER E. WALKER, JR., et al.,** | ) | **APPEAL NO. 06-1995** |
| | ) | |
| **Defendants.** | ) | |


## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Several motions are pending in this action, the first of which is a motion for rehearing (Doc. 17). The Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). As noted in *Deutsch*, "in cases where it is unclear whether a motion challenging a judgment on the merits is made under Rule 59(e) or Rule 60(b)," the date of service will determine how the motion will be treated. Thus, "'if the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b).'" *Id.* (citations omitted).

Judgment was entered in this action on March 8, 2006, and the instant motion was filed on March 27. Giving Plaintiff the benefit of the mailbox rule, *see Edwards v. United States*, 266 F.3d 756, 758 (7th Cir. 2001), the Court finds that this motion was filed within the 10-day period. *See* FED. R. CIV. P. 59(e). Therefore, under *Deutsch*, the Court will construe the motion as a motion to

alter or amend judgment, filed pursuant to Rule 59(e), which may only be granted if a movant shows

there was mistake of law or fact or presents newly discovered evidence that could not have been

discovered previously.  *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington*

*Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993).

In a Memorandum and Order dated March 8, 2006 (Doc. 15), the Court summarized

allegations in the complaint as follows:

> On June 11, 2003, Plaintiff was handcuffed and escorted to
> segregation while his cell was searched; apparently another inmate
> had reported the presence of a weapon in Plaintiff's cell.  No such
> weapon was found, so Plaintiff was released from segregation the
> next day; no disciplinary action was taken.  Upon returning to his
> cell, he discovered that some of his personal property had been
> confiscated.  The primary basis for this lawsuit, as best the Court can
> determine from a review of all pleadings and exhibits, is Plaintiff's
> displeasure at the confiscation of this property.  However, it seems
> that he is also upset at having been moved to segregation for one day
> while his cell was searched.

In his instant motion, Plaintiff claims the Court erred in overlooking his First Amendment

claim.  Specifically, he argues that some of the confiscated property included a copy of the Holy

Koran and other Moorish Science Temple items; thus, his right to practice his religion was violated

by the confiscation of these items.  The Court has carefully reviewed the complaint and finds the

only mention of these particular items is buried in the middle of page 11 of the 12-page complaint,

along with one brief reference to "denial of 'free exercise' to possess access" to religious items

(Doc. 1 at p. 11).  Until that point in the complaint, Plaintiff only referred to the confiscation of

"lawful and legally obtained personal property items such as materials and products purchased and

approved of within the I.D.O.C." (Doc. 1 at p. 10).  These items are mentioned again only on page

4 of the memorandum in support of the complaint; two variations of the Holy Koran, along with a

fez and pair of prescription eyeglasses, seem to be the only pieces of property that were missing. Plaintiff's supporting memorandum vehemently presents an argument regarding a deprivation of his property without due process; the Court finds absolutely no mention of the First Amendment in that memorandum.

Therefore, upon review of the record, the Court finds no error in "overlooking" a First Amendment claim that, for all practical purposes, was not truly presented as a claim. The Court remains persuaded that dismissing the case pursuant to 28 U.S.C. § 1915 was correct, and the instant motion (Doc. 17) is **DENIED**.

The next motion before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* on appeal (Doc. 19). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A plaintiff is "acting in bad faith in the more common legal meaning of the term … [when he sues] … on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Further, "an appeal in a frivolous suit cannot be 'in good faith' under § 1915(a)(3), because 'good faith' must be viewed objectively." *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000). *See also Lee*, 209 F.3d at 1026; *Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995) ("[T]he granting of leave to appeal in forma pauperis from the dismissal of a *frivolous* suit is presumptively erroneous and indeed self-contradictory.").

This action was dismissed as frivolous under 28 U.S.C. § 1915A, and Plaintiff has offered no viable argument indicating why this Court's conclusion was incorrect. Therefore, the Court **CERTIFIES** that this appeal is not taken in good faith; accordingly, the motion for leave to proceed *in forma pauperis* on appeal (Doc. 19) is **DENIED**. Plaintiff shall tender the appellate filing and

docketing fee of $255 to the Clerk of Court in this District, or he may reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.

Finally, Plaintiff filed a motion seeking a free copy of the record in this action be made available to the Seventh Circuit (Doc. 20). Such actions are taken as a matter of course, but the record will only be transmitted to the Seventh Circuit upon its request. Therefore, this motion is **MOOT**.

**IT IS SO ORDERED.**

DATED: 05/17/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge